**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RANDY DAUGHENBAUGH,<br><br>          Plaintiff,<br><br>    v.<br><br>PPG INDUSTRIES, INC.,<br><br>          Defendant. | Civil Action No. 2:25-cv-00153-WSH<br><br>Judge W. Scott Hardy<br><br>*Electronically Filed* |

**DEFENDANT'S ANSWER TO AMENDED COMPLAINT**
**AND AFFIRMATIVE AND ADDITIONAL DEFENSES**

Defendant PPG Industries, Inc. ("PPG" or "Defendant") hereby files this Answer and Affirmative and Additional Defenses to the Amended Complaint filed by Plaintiff Randy Daughenbaugh ("Plaintiff"). PPG denies each and every allegation in the Amended Complaint not specifically admitted herein and responds to the numbered paragraphs of the Amended Complaint as follows:

1.      Admitted in part; denied in part.  PPG admits that Plaintiff purports to assert claims based on 29 U.S.C. § 623, 43 P.S. § 951, ERISA § 510 and 42 U.S.C. §§ 1981, *et seq*. PPG denies the remaining allegations contained in Paragraph 1.

**JURISDICTION AND VENUE**

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6. Admitted in part; denied in part. PPG admits that it employed Plaintiff in Allegheny County and that actions related to his employment occurred there. PPG denies the remaining allegations in Paragraph 6 of Plaintiff's Amended Complaint.

7. Admitted.

8. Admitted.

## PARTIES

9. Admitted.

10. PPG is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint; therefore, PPG denies those allegations.

11. PPG admits that it employed Plaintiff as a Temporary Employee from June 25, 1991 through December 31, 1991 and that Plaintiff was rehired on March 10, 1992 as a Temporary Employee. Plaintiff transferred to a full-time Chemist on April 5, 1993 and worked as a Chemist for PPG until May 1, 2023. PPG further admits that Plaintiff worked at PPG's Allison Park coating research facility at the time of his termination.

12. Admitted.

13. Denied.

## FACTS

14. PPG admits that it first hired Plaintiff as Temporary Employee in June of 1991, the same year he earned his bachelor's degree in chemistry from Penn State University and that PPG hired Plaintiff as a full-time Chemist on April 5, 1993.

15. Admitted.

16. Admitted.

17.    Denied.

18.    Admitted in part; denied in part. PPG admits that Plaintiff was a member of a team whose collective work was recognized with a R&D 100 Award in 2021 and that Plaintiff's name was one of the names listed as an inventor on a patent application. PPG denies as vague the allegation that he performed "commercially important research" and that he received a "group innovation award." PPG denies the remaining allegations in Paragraph 18.

19.    Denied.

20.    Admitted.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Admitted in part; denied in part. PPG admits that in 2022, Plaintiff did not receive an interview for a group leader position to which he applied. PPG denies that his supervisor Brian Rearick recommended him for the position.

25.    Admitted in part; denied in part. PPG admits that Plaintiff was 52 years old in 2022. PPG denies the remaining allegations in Paragraph 25.

26.    Admitted.

27.    Admitted in part; denied in part. PPG is without knowledge or information sufficient to form a belief as to Plaintiff's feelings; therefore, PPG denies those allegations. PPG further denies that Plaintiff was subject to age discrimination during his employment at PPG. PPG admits that Plaintiff lodged a complaint with PPG's Ethics HelpLine in early-2022 alleging age discrimination and that the Company found no evidence to support his claims.

28.    Denied.

3

29.    Denied.

30.    Admitted in part; denied in part. PPG admits that when Sun initially became Plaintiff's supervisor in 2022, Sun expressed appreciation for Plaintiff's efforts. PPG denies as vague the allegation that Sun was "positive about [Plaintiff's] work." PPG is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 30; therefore, PPG denies those allegations.

31.    Admitted in part; denied in part. PPG admits that in February 2023, Sun rated Plaintiff as "partially effective" stating that, "Randy hasn't demonstrated the leadership skills, technical depth and interpersonal effectiveness expected for a research associate." PPG denies that this contradicted previous statements by Sun. PPG is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 31 of Plaintiff's Amended Complaint; therefore, PPG denies those allegations.

32.    Admitted in part; denied in part. PPG admits that following Plaintiff's review, PPG placed Plaintiff on a performance improvement plan, "PIP", and that Sun advised Plaintiff that if he did not meet the expectations identified in the PIP his employment may be terminated. PPG denies the remaining allegations in Paragraph 32.

33.    Admitted in part; denied in part. PPG is without knowledge or information sufficient to form a belief as to whether Plaintiff "immediately" commenced work on the research project outlined in the PIP; therefore, PPG denies those allegations. PPG admits the remaining allegations in Paragraph 33.

34.    Admitted in part; denied in part. PPG admits that Plaintiff discussed some of his research project findings with Sun during their weekly one-on-one meetings. PPG denies the remaining allegations in Paragraph 34.

35.    Admitted in part; denied in part. PPG admits that the PIP stated there would be weekly check-ins with Sun during the PIP process and that Sun conveyed appreciation for Plaintiff's efforts. PPG denies the remaining allegations in Paragraph 35.

36.    Admitted in part; denied in part. PPG is without knowledge or information sufficient to form a belief as to whether certain managers' association with the project was "apparent" to Plaintiff, therefore, PPG denies those allegations. PPG admits the remaining allegations in Paragraph 36.

37.    Denied.

38.    PPG is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 38 of Plaintiff's Amended Complaint; therefore, PPG denies those allegations.

39.    PPG admits that Sun and Steiger provided Plaintiff with some positive oral feedback during his presentation.   PPG denies the remaining allegations in Paragraph 39.

40.    PPG admits that the written assessments included significant negative feedback.

41.    Admitted in part; denied in part. PPG admits that not all attendees were asked to complete written assessments of Plaintiff's presentation. PPG denies the remaining allegations in Paragraph 41.

42.    Admitted.

43.    Denied.

44.    Admitted in part; denied in part. PPG admits that some of Plaintiff's work may have been allocated to younger employees but denies that it was exclusively allocated to younger employees.

45.    Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

## CLAIMS FOR RELIEF

### COUNT I

### Age Discrimination – Disparate Treatment – ADEA

53.     PPG incorporates its responses to Paragraphs 1 through 52 of the Amended Complaint as if set forth fully herein.

54.     Denied.

55.     Admitted.

56.     The allegations contained in Paragraph 56 of Plaintiff's Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, PPG denies the allegations in Paragraph 56.

57.     Admitted.

58.     Denied.

### COUNT II

### Age Discrimination – Disparate Treatment – PHRA

59.     PPG incorporates its responses to Paragraphs 1 through 58 of the Amended Complaint as if set forth fully herein.

60.     Denied.

61.     Admitted.

62.     The allegations contained in Paragraph 62 of Plaintiff's Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, PPG denies the allegations in Paragraph 62.

63.     Admitted.

64.     Denied.

## COUNT III

### Retaliation – ADEA

65.     PPG incorporates its responses to Paragraphs 1 through 64 of the Amended Complaint as if set forth fully herein.

66.     Admitted in part; denied in part. PPG admits Plaintiff engaged in a protected activity by submitting a complaint alleging age discrimination. PPG denies that Plaintiff was subject to age discrimination during his employment at PPG.

67.     Admitted in part; denied in part. PPG admits it placed Plaintiff on a PIP and eventually terminated his employment. PPG denies the remaining allegations in Paragraph 67.

## COUNT IV

### Retaliation – PHRA

68.     PPG incorporates its responses to Paragraphs 1 through 67 of the Amended Complaint as if set forth fully herein.

69.     Admitted in part; denied in part. PPG admits Plaintiff engaged in a protected activity by submitting a complaint alleging age discrimination. PPG denies that Plaintiff was subject to age discrimination during his employment at PPG.

70.    Denied.

## COUNT V

### Interference with Benefits – ERISA § 510

71.    PPG incorporates its responses to Paragraphs 1 through 70 of the Amended Complaint as if set forth fully herein.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Admitted in part; denied in part. PPG admits that it has changed the benefits it offers newly-hired employees since Plaintiff was initially hired but denies as vague the remaining allegations in Paragraph 75.

76.    Denied.

## COUNT VI

### Violation of 42 U.S.C. § 1981

77.    PPG incorporates its responses to Paragraphs 1 through 76 of the Amended Complaint as if set forth fully herein.

78.    The allegations contained in Paragraph 78 of Plaintiff's Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, PPG denies the allegations in paragraph 78.

79.    Denied.

80.    Denied.

81.    The allegations contained in Paragraph 81 of Plaintiff's Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, PPG denies the allegations in paragraph 81.

82.    The allegations contained in Paragraph 82 of Plaintiff's Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, PPG denies the allegations in paragraph 82.

83.    Denied.

WHEREFORE, PPG denies Plaintiff is entitled to any relief, including the relief sought in the Prayer for Relief and respectfully requests that Plaintiff's Amended Complaint be dismissed with prejudice, that judgment be entered in PPG's favor and against Plaintiff, and that the Court award such other relief as it deems appropriate.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1.    Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2.    PPG's actions regarding Plaintiff were at all times taken for legitimate, non-discriminatory and non-retaliatory reasons.

3.    Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's Amended Complaint seeks relief for any alleged conduct occurring outside of the applicable statutes of limitations.

4.    PPG states that any interference with Plaintiff's employment or ERISA-protected rights were justified.

5.    PPG, at all times, acted reasonably and in good faith.

6.     Plaintiff's Amended Complaint fails to state a claim for damages, including economic damages, compensatory damages, punitive damages, attorneys' fees and costs, or any other relief.

7.     PPG is entitled to offset any damages to which Plaintiff may be entitled by actual income Plaintiff has received.

8.     Plaintiff's claims for damages are barred, in whole or in part, to the extent he has failed to mitigate his damages.

9.     Plaintiff's claims for damages are barred, in whole or in part, by the doctrine of after-acquired evidence.

10.    Plaintiff's claims for damages are, in whole or in part, subject to the caps of 42 U.S.C. § 1981a(b)(3).

11.    Even if it is proved that Defendant's actions had been motivated by Plaintiff's race, which Defendant affirmatively denies, Defendant would have taken all of the same actions with respect to Plaintiff's employment regardless of his race.

12.    Any alleged unlawful acts by Defendant's managing agents would have been contrary to Defendant's good faith efforts to comply with the law.

13.    PPG reserves the right to assert additional defenses or claims that may become known during the course of discovery.

WHEREFORE, Defendant respectfully requests that Plaintiff's Amended Complaint be dismissed with prejudice, as it fails to state a claim upon which relief may be granted, that judgement be entered in its favor and against Plaintiff, and that the Court award such other relief as it deems appropriate.

Dated: October 28, 2025                          Respectfully submitted,

*/s/ Megan Smith*
Theodore A. Schroeder, Bar No. 80559
tschroeder@littler.com
Megan Smith, Bar No. 324901
mesmith@littler.com

LITTLER MENDELSON, P.C.
1 PPG Place, Suite 2400
Pittsburgh, PA 15222
Telephone: 412.201.7624 / 7654
Facsimile: 412.774.1959

*Attorneys for Defendant*
*PPG Industries, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28 day of October 2025 a true and correct copy of the foregoing

Defendant's Answer to Amended Complaint and Affirmative and Additional Defenses was served

via electronic mail and filed using the Western District of Pennsylvania's ECF system, through

which this document is available for viewing and downloading, upon the following counsel of

record:

Bruce C. Fox
Andrew J. Horowitz
OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
525 William Penn Place, Ste. 1710
Pittsburgh, PA 15219

*/s/  Megan Smith*
Megan Smith